IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KEEL,<br><br>    Plaintiff,<br><br> v.<br><br>R. T. C. GROUNDS, et. al.,<br><br>    Defendants. | No. C 13-03590 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a state prisoner at Salinas Valley State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff's complaint must be dismissed because he fails to allege the first essential element for a cognizable § 1983 claim. In the "Statement of Claim" section of the complaint, Plaintiff makes reference to a prior action against "former Robbert Ayers at PBSP" and "former John Stocks" without any explanation as to the nature of the action. (Compl. at 3.) He alleges that "all documents" were taken from his cell and then later returned to him. Plaintiff's statement is insufficient for this Court to discern what federal right, if any, was violated and how the named defendants specifically acted to violate his rights.

In the "Relief" section of the complaint, Plaintiff states that he wants to "write my family on the out side [*sic*] world, and for them allowed to write me. [T]hat Im denide of. The court as well. [*sic*]." (Compl. at 3.) If Plaintiff is claiming that his right to send and receive mail were impinged, then he may have a viable First Amendment claim. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)).[1] He will given leave to amend to attempt to state sufficient facts

---

[1] However, a prison may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987). The Turner standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning *incoming* mail received by prisoners from non-prisoners. See Thornburgh, 490 U.S. at 413. In the case of outgoing correspondence from prisoners to non-prisoners, however, an exception to the Turner standard applies.

1  to state a First Amendment claim.

2      In preparing an amended complaint, Plaintiff must allege sufficient facts indicating
3  what federal rights that were violated how specific defendant(s) under color of law acted
4  to deprive him of those rights.  Liability may be imposed on an individual defendant
5  under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused
6  the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634
7  (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A
8  person deprives another of a constitutional right within the meaning of section 1983 if he
9  does an affirmative act, participates in another's affirmative act or omits to perform an act
10 which he is legally required to do, that causes the deprivation of which the plaintiff
11 complains.  See Leer, 844 F.2d at 633[2]; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442
12 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation
13 may be basis for liability).  Even at the pleading stage, "[a] plaintiff must allege facts, not
14 simply conclusions, that show that an individual was personally involved in the
15 deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.
16 1998).

---

Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal prison order and security, there must be a closer fit between any regulation or practice affecting such correspondence and the purpose it purports to serve. See id. at 411-12.  Censorship in such instances is justified only if (1) the regulation or practice in question furthers one or more of the substantial governmental interests of security, order and rehabilitation, and (2) the limitation on First Amendment freedoms is no greater than necessary to further the particular government interest involved.  See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); see, e.g., Witherow, 52 F.3d at 265-66 (regulation requiring visual inspection of outgoing mail from inmates to certain public officials closely related to legitimate penological interest of preventing prisoners from disseminating harmful or offensive materials and avoids unnecessary intrusion) (emphasis added).

[2]The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  See Leer, 844 F.2d at 633 (citations omitted).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 13-03590 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED:  12/12/2013

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY KEEL,

        Plaintiff,

  v.

R. T. C. GROUNDS, et al.,

        Defendants.

Case Number: CV13-03590 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/13/2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Keel
B-55356
Salinas Valley State Prison
P. O. Box 1050
Soledad, Ca 93960

Dated: 12/13/2013

                                            Richard W. Wieking, Clerk
                                  /s/By: Elizabeth Garcia, Deputy Clerk