**FILED**

FEB 0 6 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY KEEL,

    Plaintiff,

v.

R. T. C. GROUNDS, et. al.,

    Defendants.

No. C 13-03590 EJD (PR)

ORDER OF DISMISSAL

    Plaintiff, a state prisoner at Salinas Valley State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. The Court dismissed the complaint with leave to amend. (Docket No. 11.) On January 2, 2014, Plaintiff filed a letter which the Court construes as an amended complaint. (Docket No. 12.)

### DISCUSSION

**A.   Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> <u>id.</u> § 1915A(b)(1),(2). <u>Pro se</u> pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff's original complaint was dismissed because he failed to alleged the first essential element for a cognizable § 1983 claim. (<u>See</u> Docket No. 11 at 2.) Plaintiff was advised that in preparing an amended complaint, he must allege sufficient facts indicating what federal rights that were violated and how specific defendant(s) under color of law acted to deprive him of those rights. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. <u>See</u> <u>Leer</u>, 844 F.2d at 633[1]; <u>see, e.g.</u>, <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

---

[1] The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. <u>See</u> <u>Leer</u>, 844 F.2d at 633 (citations omitted).

Plaintiff failed to correct these deficiencies in his amended complaint. He alleges that Defendant Robert Ayers and John Stokes were involved in staging two race riots in which he suffered serious injuries. However, he has failed to allege what specific act or omission they committed that connects them to the alleged riots and how their actions resulted in his injuries. Plaintiff also claims that Defendants abused the system and caused him to miss the time limit "because they feel that a black man or inmate isn't suppose to talk back to a white men [*sic*] or beat his white folks up." (Docket No. 12 at 3.) However, these assertions are mere conclusions and are not supported with factual allegations without which Plaintiff fails to state a claim. Barren, 152 F.3d at 1194. Plaintiff was already advised what was necessary to state a claim. He has failed to do so. Accordingly, this action is DISMISSED with prejudice for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with prejudice for failure to state a claim on which relief may be granted.

DATED: 2/5/14

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY KEEL,

        Plaintiff,

v.

RTC GROUNDS, et al.,

        Defendants.
        /

Case Number: CV13-03590 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/06/14, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Keel
B-55356
Salinas Valley State Prison
P. O. Box 1050
Soledad, Ca 93960

Dated: 2/06/14

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk